**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-27705-JTK**

**GUILLERMO ANGEL REINA HERNANDEZ,**

Petitioner,

v.

**MARKWAYNE MULLIN**, *et al.*

Defendants.
_________________________________/

## ORDER DENYING PETITION

**THIS CAUSE** comes before the Court upon Petitioner Guillermo Angel Reina Hernandez' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. After careful review and being otherwise fully advised, the Petition is denied for the reasons set forth below.

Petitioner is a native and citizen of Cuba, and a citizen of Spain. On December 5, 2021, Petitioner was apprehended near the Yuma, Arizona Border Patrol station. On December 16, 2021, Petitioner was transferred into the custody of ICE and released on an order of recognizance. On October 27, 2026, Petitioner was redetained, served with a Form I-200 Warrant for Arrest of Alien, and with a Notice to Appear.

Petitioner argues that the revocation of release on recognizance was unlawful. But an order of release on recognizance is purely discretionary, and may be revoked at any time, even if the alien has not violated any of the terms of release. *Alcantara v. Warden, Krome N. Serv. Processing Ctr.*, 2026 WL 2623085, at *2 (S.D. Fla Sep. 5, 2026); *Acosta Gonzales v. Noem*, 832 F. Supp. 3d 1303, 1309 (S.D. Fla 2026) (Singhal, J.). And to the extent that Petitioner asks the Court to declare that his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), the Respondents seemingly acknowledge that § 1226(a) governs. [ECF No. 6, at 3]. ("OREC is a form of conditional release under INA § 236(a)(2)(B)").

Petitioner also asserts a claim for unlawful arrest and detention, alleging that Petitioner's arrest was "unauthorized by statute, and his resulting detention violates the Fifth Amendment Due Process Clause." [ECF No. 1, ¶¶ 46-55]. It is established that habeas is a vehicle to challenge whether current detention is unlawful; it is not the proper vehicle to address an initial arrest. *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). An unlawful arrest, by itself, does not warrant release. *Acosta Gonzalez*, at 1310. "In other words, if the government has lawful grounds to detain Petitioner pending his removal, he is not entitled to habeas relief on a defective arrest." *Id.* at 1310-11; *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892) ("[I]f sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.")

Petitioner relies on several cases for his unlawful arrest and detention claim, yet none of these cases are from this district.[1] In fact, courts in this district have held that habeas is not the vehicle for such relief. *See Zaga Tawil v. Cardinal*, 2026 WL 2198539 (S.D. Fla. July 30, 2026) (Bloom, J.); *see also Buriev v. Warden, GEO, Broward Transitional Ctr.*, 2025 WL 2763202, at *3 (S.D. Fla. Sept. 26, 2025) (Altman, J.) Thus, Petitioner does not have a claim for unlawful arrest and detention, at least not as it pertains to a habeas claim.

Finally, Petitioner asks this Court to order Respondents to provide Petitioner with an individualized bond hearing. [ECF No. 1, ¶96]. To the extent Petitioner is entitled to a bond hearing, he must ask for one. Thus, Petitioner should use the administrative remedies available in seeking a bond hearing rather than ask the Court to order one. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

---

[1] Petitioner cites three cases from the Middle District of Florida and one from the District of Maine. *Santos Preza v. Warden*, No. 2:26-cv-02802-SPC-KRH, slip op. at 4–5 (M.D. Fla. Oct. 28, 2026); *Juarez Perea v. Secretary of the Department of Homeland Security*, No. 2:26-cv-02758-SPC-KRH, slip op. at 3–4 (M.D. Fla. Oct. 22, 2026); *Almeida Guarnizo v. Quinones*, No. 6:26-cv-624-JSS-RMN, 2026 WL 982816, at *4 (M.D. Fla. Apr. 13, 2026); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). As Petitioner correctly identifies, these four cases all ordered immediate release. However, it appears the Supreme Court has already weighed in on this issue in both *Bilokumsky* and *Nishimura*. On that note, this Court chooses to follow the Supreme Court's guidance.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DENIED**. The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of November, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record